<pre>Minute Order Form (06/97)</pre>

# United States District Court, Northern District of Illinois


JS-6

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 282 | **DATE** | 2/6/2003 |
| **CASE TITLE** | Diehl Road Ltd Liability Co vs. Arch Chem Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, Arch Chemicals' motion for summary judgment is granted [23-1]. Judgment is entered in favor of the defendant and against the plaintiff. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | FEB 10 2003 | 34 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 FEB -7 PM 5:03 | 2/6/2003 date mailed notice | |
| cav | courtroom deputy's initials | Date/time received in central Clerk's Office | cav mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIEHL ROAD LIMITED LIABILITY COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 01 C 0282 |
| ARCH CHEMICALS, INC., | ) ) ) |
| Defendant. | ) ) |

DOCKETED
FEB 1 0 2003

## MEMORANDUM OPINION AND ORDER

NAN R. NOLAN, Magistrate Judge:

Plaintiff Diehl Road, LLC filed suit against defendant Arch Chemicals, Inc. alleging breach of an oral agreement to lease certain real property. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. §636(c). This matter is now before the Court on Arch Chemicals' motion for summary judgment. For the reasons set forth below, the motion is granted.

## FACTUAL BACKGROUND

Diehl Road is the owner of property located at 940 E. Diehl Road, Naperville, Illinois (the "premises"). In 1997, Diehl Road leased the premises to Olin Corporation, which later assigned the lease to Arch Chemicals. The lease was set to terminate on July 31, 2000.

In November 1999, Arch Chemicals' sales and marketing coordinator, Karen Wilda, called Diehl Road's agent, attorney Michael J. Elliott, and asked whether Arch Chemicals could lease a smaller portion of its current space after the lease expired. Pl. Facts ¶1. Elliott informed

Wilda that the space could be divided but it would be very costly and the unused space would be unmarketable. *Id.* ¶2. On December 16, 1999, Elliott sent Lorena O'Neill, a marketing manager at Arch Chemicals, a letter proposing to lease the full space for an additional three years. Arch Chemicals rejected the offer but O'Neill indicated that the company might be interested in leasing the space for a one-year term. *Id.* ¶¶3-4. On December 16 or 17, 1999, Elliott made a verbal proposal to O'Neill that Arch Chemicals lease the premises for one additional year at a price of $19.75 per square foot, gross basis, as is. After reviewing the verbal proposal with her boss that same day, O'Neill called Elliott and told him that "we've got a deal." Elliott offered to draft a confirming document, but O'Neill stated, "that's fine, if you want to, you don't have to. We've got a deal." Def. Facts ¶4. Nevertheless, Elliott prepared a document entitled "Amendment to Lease" which he faxed to Arch Chemicals on December 27, 1999. The Amendment to Lease incorporated the terms of the existing lease agreement and extended it for another one-year term from July 31, 2000 to July 31, 2001 at an annual rent of $89,625.50. *Id.* ¶6; Pl. Resp. to Facts ¶6.

After Elliott sent Arch Chemicals the lease in late December 1999, he ceased all efforts to lease the premises. However, Elliott never received a signed Amendment to Lease from Arch Chemicals. In February 2000, Elliott called O'Neill to ask about the status of the Amendment to Lease and O'Neill informed him that there had been a change in plans and that Arch Chemicals had decided to close its facility at the premises. As a result, Elliott put the premises back on the market and waited to "see what happened." Def. Facts ¶¶11-12. Several months later on August 17, 2000, Elliott wrote to Arch Chemicals and for the first time claimed that they had an oral lease agreement. Arch Chemicals had already vacated the premises by that time and responded

2

that there was no binding lease agreement because it never signed the Amendment to Lease. *Id.* ¶¶13-14.

Diehl Road filed suit in the Circuit Court of Cook County seeking to recover damages it allegedly sustained due to Arch Chemicals' failure to honor its oral agreement to extend its lease for another year. On or about January 16, 2001, the case was removed to federal court based on diversity jurisdiction. 28 U.S.C. §1332. Arch Chemicals now seeks summary judgment on the grounds that any alleged oral agreement to extend the lease is void under the statute of frauds.

## DISCUSSION

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether a genuine issue of material fact exists, a court must construe all facts and draw all reasonable and justifiable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### A. Statute of Frauds

The Illinois Statute of Frauds provides that a lease of realty for a term longer than one year must be confirmed in writing and signed by the party against whom it is to be enforced:

> No action shall be brought to charge any person upon any contract for the sale of lands, tenements or hereditaments or any interest in or concerning them, for a longer term than one year, unless such contract or some memorandum or note thereof shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized in writing, signed by such party.

3

740 ILCS 80/2; *GLS Development, Inc. v. Wal-Mart Stores, Inc.*, 944 F. Supp. 1384, 1393 (N.D. Ill. 1996); *John O. Schofield, Inc. v. Nikkel*, 314 Ill. App. 3d 771, 784, 731 N.E.2d 915, 925 (2000). Under this statute, an oral contract is unenforceable unless it is "capable of full performance within one year, as measured from the date of its making." *Respect Inc. v. Committee on Status of Women*, 781 F. Supp. 1358, 1363 (N.D. Ill. 1992) (citing *Sherwin v. Ault*, 219 Ill. App. 3d 213, 218, 579 N.E.2d 425, 428 (1991)). In this case, Diehl Road is seeking to enforce an oral agreement made in December 1999 to extend a lease until July 31, 2001. By its terms, this oral agreement could not be fulfilled within one year and is thus barred by the statute of frauds.

### B.  Exceptions to the Statute of Frauds

Diehl Road does not dispute that the statute of frauds would ordinarily bar the oral agreement in this case. However, Diehl Road claims that Arch Chemicals should not be allowed to assert the statute of frauds defense based on the theories of promissory and equitable estoppel. The Court addresses each in turn.

#### 1.  Promissory Estoppel

Diehl Road first claims that Arch Chemicals cannot assert its statute of frauds defense because it promised to lease the premises for an additional year at $19.75 per square foot, which induced Diehl Road to cease efforts to lease the space to other parties. Pl. Mem., p. 4. However, "[p]romissory estoppel is not an exception to the statute of frauds." *First National Bank in Staunton v. McBride Chevrolet, Inc.*, 267 Ill. App. 3d 367, 373, 642 N.E.2d 138, 142 (1994). If it were, "contracts could be implied and the statute of frauds easily avoided." *Dickens v. Quincy College Corp.*, 245 Ill. App. 3d 1055, 1062, 615 N.E.2d 381, 386 (1993). *See also Fischer v.*

4

*First Chicago Capital Markets, Inc.*, 195 F.3d 279, 284 (7th Cir. 1999) ("[u]nder Illinois law, the statute of frauds is applicable to a promise claimed to be enforceable by virtue of the doctrine of promissory estoppel"). Thus, Diehl Road cannot avoid summary judgment on this theory.

### 2. Equitable Estoppel

Diehl Road next argues that Arch Chemicals should be equitably estopped from asserting the statute of frauds defense. Unlike promissory estoppel, equitable estoppel does serve as an exception to the statute of frauds' writing requirement. *Industrial Specialty Chemicals v. Cummins Engine Co.*, 918 F. Supp. 1173, 1178 (N.D. Ill. 1996) (citing *Ceres Illinois, Inc. v. Illinois Scrap Processing, Inc.*, 114 Ill.2d 133, 147-48, 500 N.E.2d 1, 7 (1986)). In general, equitable estoppel is a doctrine that is invoked to prevent fraud or injustice. *See Hillenbrand v. Meyer Medical Group, S.C.*, 308 Ill. App. 3d 381, 386, 720 N.E.2d 287, 292 (1999). Under this theory, Diehl Road must establish: (1) a misrepresentation or concealment of a material fact; (2) Arch Chemicals' knowledge that the representations were false; (3) Arch Chemicals' intent or expectation that the representations be acted upon by Diehl Road; (4) actual reliance by Diehl Road; and (5) some injury or prejudice to Diehl Road if Arch Chemicals is allowed to deny the truth of its representations. *Bell Fuels, Inc. v. Chevron U.S.A., Inc.*, No. 99 C 2586, 2000 WL 305955, at *6 (N.D. Ill. Mar. 21, 2000) (citing *Industrial Specialty Chemicals*, 918 F. Supp. at 1178-79).

Diehl Road claims that Arch Chemicals misrepresented that "the parties had an agreement and that no documentation was necessary." In addition, Diehl Road claims that Arch Chemicals concealed the fact that "its plans were unsettled and that it was looking to buy time to develop alternative locations." Pl. Mem., p. 6. This is not sufficient to estop Arch Chemicals

5

from asserting the statute of frauds defense. Even assuming that O'Neill misrepresented Arch Chemicals' intent to extend its lease agreement and concealed that its plans were "up in the air," these misrepresentations were not material because Diehl Road knew that it needed to confirm the parties' agreement in writing. Diehl Road was represented by an experienced real estate attorney, Elliott, who was admittedly familiar with the statute of frauds' writing requirement. Def. Facts ¶5; Pl. Resp. to Facts ¶5. To that end, he sent Arch Chemicals an Amendment to Lease notwithstanding O'Neill's lay assertion that the deal was set and that documentation was unnecessary. In other words, Diehl Road did not rely on Arch Chemicals' oral confirmation that the parties "[had] a deal" and was not tricked into not getting the agreement in writing. *See, e.g., Industrial Specialty Chemicals v. Cummins Engine Co.*, 918 F. Supp. 1173, 1179 (N.D. Ill. 1996) (dismissing equitable estoppel claim where the plaintiff did not "offer any evidence suggesting that the defendants tricked it into not getting the agreement in writing"). *See also Derby Meadows Utility Co. v. Inter-Continental Real Estate*, 202 Ill. App. 3d 345, 355-56, 559 N.E.2d 986, 991-92 (1990) (defendant's statement that "we've got a deal" was not an "unequivocal statement regarding the existence of a contract" sufficient to waive the statute of frauds defense).

Moreover, any alleged reliance on Arch Chemicals' verbal promise to extend the lease, even coupled with a mistaken belief about Arch Chemicals' leasing plans, was unreasonable. *Rossi Distributors, Inc. v. Lavazza Premium Coffees Corp.*, No. 01 C 9271, 2002 WL 31207324, at *3 (N.D. Ill. Oct. 2, 2002); *Buczak v. Central Savings & Loan Association*, 230 Ill. App. 3d 490, 498, 594 N.E.2d 1291, 1296 (1992) (reliance must be reasonable and in good faith). As noted, Diehl Road's attorney negotiating the extension knew that the agreement was unenforceable unless in writing and took steps to obtain a written document. His decision to stop

efforts to lease the premises from December 27, 1999 until February 2000 without receiving written confirmation of a deal was not reasonable and was made "solely upon his own judgment and at his own risk." *Ceres*, 114 Ill.2d at 148, 500 N.E.2d at 7 (where parties were both represented by legal counsel during negotiations, "both [we]re deemed to have known that their oral agreement was unenforceable"); *Bell Fuels*, 2000 WL 305955, at *6 (no reasonable reliance on alleged misrepresentation where "both parties had the opportunity to consult with legal counsel regarding the enforceability of the alleged contract" and the plaintiff's executives were "experienced businessmen who should have known better than to rely on an oral promise unenforceable under the Statute of Frauds") (citing *McInerney v. Charter Golf, Inc.*, 176 Ill.2d 482, 493, 680 N.E.2d 1347, 1353 (1997)).

In sum, Diehl Road's legal counsel knew that Arch Chemicals' oral promise was unenforceable under the statute of frauds and, thus, Diehl Road cannot estop Arch Chemicals from barring enforcement of the parties' oral lease agreement.

## CONCLUSION

For the reasons stated above, Arch Chemicals' motion for summary judgment (Docket Entry #23-1) is granted.

*Nan R. Nolan*
NAN R. NOLAN
United States Magistrate Judge

Dated: February 6, 2003